Opinion issued November 30, 2006








     










In The
Court of Appeals
For The
First District of Texas




NOS. 01-05-00805-CR
          01-05-00806-CR




BENJAMIN SCOTT JACOBY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Cause Nos. 1012284 & 1012285






O P I N I O N

          Appellant, Benjamin Scott Jacoby, pleaded guilty, without a sentencing
recommendation, to two charges of aggravated robbery with a deadly weapon. See
Tex. Pen. Code Ann. § 29.03 (Vernon 2003). The trial court assessed punishment
at 40 years’ confinement for each offense, each sentence to run concurrently with the
other. In both appellate cause numbers, in two points of error, appellant argues that
(1) the sentences imposed for his convictions constitute cruel and unusual punishment
and (2) his trial counsel’s failure to object to the sentences during the punishment
phase constitutes ineffective assistance of counsel.
          We affirm.
FACTS
          On December 6, 2004, appellant and an accomplice, James Glass, broke into
two homes in search of a rumored stash of drug money. While in the first home, an
occupant, M. Alvarado, found appellant and Glass in a bedroom. Alvarado retreated
and tried to call the police, but appellant and Glass followed him. They each pointed
a gun at him and struck him over the head with their guns. Alvarado escaped to his
neighbor’s house, who found him “bleeding from a wound to his head.” EMS treated
wounds on his head, arms, and hands. He spent one day in the hospital and missed
one week of work.
          At the second home, appellant and Glass found L. Hughes in a bedroom. 
Appellant ordered him to put his face in the couch and, when Hughes tried to look at
appellant’s face, appellant hit him on the head with his gun. Appellant and Glass
then, at gunpoint, ordered Hughes and his girlfriend, who had been taking a shower,
to lie on the floor. For the next 30 minutes, appellant and Glass ransacked the house
and stole a Sony Playstation, a DVD player, and some marijuana bongs. Several
hours later, appellant and Glass, who were driving a truck, evaded police after a high
speed chase. After checking the license plates on the truck, police discovered that
appellant and his accomplice had stolen the front license plate from one truck and put
it on another truck, which had also been stolen. 
          A few weeks later, Deputy Quintanilla received a call from appellant that his
cell phone had been stolen. Upon meeting with appellant, Deputy Quintanilla
informed appellant that he had outstanding traffic warrants. Appellant tried to leave,
and a struggle ensued. Appellant broke free and drove away, attempting to run over
the deputy. Appellant evaded police after another high speed chase. Appellant later
turned himself in and confessed to the burglaries of Alvarado’s and Hughes’ homes,
three other home burglaries where vehicles were taken, and the theft of a money
machine from a car wash.
          On May 20, 2005, appellant pleaded guilty to two counts of aggravated robbery
with a deadly weapon, waived his right to a jury trial, and requested a Pre-Sentence
Investigation Report (PSI). The PSI included information about appellant’s prior
convictions for assault and unauthorized use of a motor vehicle as a juvenile, and
marijuana possession and criminal trespass as an adult. On July 28, 2005, the trial
court held a punishment hearing and sentenced appellant to two concurrent 40-year
sentences.
DISCUSSION
          Cruel and Unusual Punishment
          In his first point of error in both appellate cause numbers, appellant contends
that his sentences are grossly disproportionate to the convicted offenses, thereby
violating his Eighth Amendment right to be free from cruel and unusual punishment. 
See U.S. Const. amend. VIII. The State responds that because appellant failed to
object to the length of his sentences at the sentencing hearing or in a post-trial
motion, appellate review is waived.
          It is well established that almost every right, constitutional and statutory, may
be waived by failing to object. Solis v. State, 945 S.W.2d 300, 301 (Tex.
App.—Houston [1st Dist.] 1997, pet. ref’d) (citing Smith v. State, 721 S.W.2d 844,
855 (Tex. Crim. App. 1986)). To preserve error for appellate review, a timely and
reasonably specific objection, followed by an adverse ruling, is required. Tex. R.
App. P. 33.1(a); Steadman v. State, 31 S.W.3d 738, 742 (Tex. App.—Houston [1st
Dist.] 2000, pet. ref’d) (citing Turner v. State, 805 S.W.2d 423, 431 (Tex. Crim. App.
1991)). The failure to specifically object to an alleged disproportionate sentence in
the trial court or in a post-trial motion waives any error. See, e.g., Nicholas v. State,
56 S.W.3d 760, 768 (Tex. App.—Houston [14th Dist.] 2001, pet. ref’d); Steadman,
31 S.W.3d at 742; Solis, 945 S.W.2d at 301. Here, appellant neither objected to the
alleged disproportionality of the sentences in the trial court, nor raised the issue in a
post-trial motion; he is raising it for the first time on appeal. His argument, therefore,
is not preserved for review. See Tex. R. App. P. 33.1(a).
          Despite the admission in his brief that he made no objection or motion for a
new trial contesting the constitutionality of his sentences, appellant argues that we
should still review his point of error for two reasons. First, appellant contends that
a specific objection is not required at trial when the basis of the objection or the
ground for an appeal is apparent from the context. See Tex. R. Evid. 103(a)(1); Tex.
R. App. P. 33.1(a)(1)(A). Appellant misconstrues these rules, however. Texas Rule
of Evidence 103(a)(1) and Texas Rule of Appellate Procedure 33.1(a)(1)(A) do not
relieve a defendant from the general requirement that he make an objection to an
alleged error; rather, they provide an exception from the requirement that the
objection be specific when the specific ground of the objection is apparent from the
context. See Tex. R. Evid. 103(a) (requiring an objection “stating the specific ground
of objection, if the specific ground was not apparent from the context”); Tex. R. App.
P. 33.1(a)(1)(A) (requiring a specific objection “unless the specific grounds were
apparent from the context”). Appellant points to several cases where an objection
was not required to preserve an error for appellate review. See Montgomery v. State,
99 S.W.3d 257, 259–60 (Tex. App.—Fort Worth 2003, no pet.) (holding no objection
necessary to a court’s failure to sua sponte withdraw defendant’s guilty plea and enter
not guilty plea when evidence reasonably raised an issue as to innocence); Edwards
v. State, 21 S.W.3d 625, 626–27 (Tex. App.—Waco 2000, no pet.) (holding no
objection necessary to deadly weapon finding when jury did not find that defendant
used or exhibited a deadly weapon); Garza v. State, 841 S.W.2d 19, 23 (Tex.
App.—Dallas 1992, no pet.) (holding no objection necessary to amount of
restitution). Appellant cites no authority, however, for the proposition that an
objection is not required to preserve appellate review of an alleged disproportionate
sentence, and we decline to adopt that view here.
          Second, appellant argues that there is no logical reason why “the reason and
spirit” of Texas Rule of Appellate Procedure 33.1(d)—which, in nonjury cases,
allows an appellant to raise a complaint regarding the sufficiency of the evidence for
the first time on appeal—should not extend to criminal sentencing matters. See Tex.
R. App. P. 33.1(d).


 Appellant cites no authority, however, for the proposition that
a complaint challenging the proportionality of a sentence may be raised for the first
time on appeal, and we decline to do so here.
          We overrule appellant’s first point of error in both appellate cause numbers.
          Ineffective Assistance of Counsel
          In his second point of error in both appellate cause numbers, appellant argues
that he received ineffective assistance of counsel because his trial counsel failed to
object to his sentences. More specifically, appellant argues that the trial court’s 40-year sentences were grossly disproportionate and that there was no possible strategic
reason for trial counsel not to object.
          Before this court may conclude that trial counsel was ineffective for failing to
object to appellant’s sentences, appellant must show that if he had objected, the trial
judge would have erred in overruling the objection. See Jangaroo v. State, 180
S.W.3d 793, 800 (Tex. App.—Houston [14th Dist.] 2005, pet. ref’d); Vaughn v. State,
888 S.W.2d 62, 74 (Tex. App.—Houston [1st Dist.] 1994), aff’d, 931 S.W.2d 564
(Tex. Crim. App. 1996). The record contains sufficient evidence, however, to show
that any objection on the basis of cruel and unusual punishment or gross
disproportionality of the sentences would have been futile. 
          Punishment assessed within the statutory limits is generally not cruel and
unusual punishment. Samuel v. State, 477 S.W.2d 611, 614 (Tex. Crim. App. 1972);
Swinney v. State, 828 S.W.2d 254, 259 (Tex. App.—Houston [1st Dist.] 1992, no
pet.). A narrow exception to this rule was announced by the United States Supreme
Court in Solem v. Helm, which held that criminal sentences must be proportionate to
the crime and that even a sentence within the statutorily prescribed range may violate
the Eighth Amendment. 463 U.S. 277, 290, 103 S. Ct. 3001, 3009 (1983). The Court
also stated, however, that “[r]eviewing courts . . . should grant substantial deference
to the broad authority that legislatures necessarily possess in determining the types
and limits of punishments for crimes, as well as to the discretion that trial courts
possess in sentencing convicted criminals.” Id. at 290, 103 S. Ct. at 3009. The Court
set forth three objective criteria by which reviewing courts should analyze
proportionality claims: “(i) the gravity of the offense and the harshness of the penalty;
(ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the
sentences imposed for commission of the same crime in other jurisdictions.” Id. at
292, 103 S. Ct. at 3011. 
          Appellant asserts that his sentences are grossly disproportionate to his offenses
because (1) he was eligible for probation; (2) he was young when he committed these
offenses and only 22 years old when he was sentenced; (3) he is not suited to long-term incarceration because he was suicidal and placed on suicide-watch while on
juvenile probation; (4) eight people wrote letters in support of his character and
motion for probation; and (5) his co-defendant received an agreed punishment of five
years. None of these factors, however, are relevant to a comparison of the gravity of
appellant’s offenses and the harshness of his sentences. See id. at 292, 103 S. Ct. at
3011. Furthermore, even if these arguments convinced us that the harshness of
appellant’s sentences outweigh the severity of his offenses, appellant failed to brief
the two remaining factors of the Solem test—namely the sentences imposed on other
criminals in the same jurisdiction and the sentences imposed for commission of the
same crime in other jurisdictions. See id. at 292, 103 S. Ct. at 3009. Thus, we need
not review appellant’s second point of error. See Tex. R. App. P. 38.1(h) (requiring
appellant’s brief to “contain a clear and concise argument for the contentions made,
with appropriate citations to authorities and to the record”); see also Johnson v. State,
176 S.W.3d 74, 79 n.1 (Tex. App.—Houston [1st Dist.] 2004, pet. ref’d).
          Even if we did address that portion of the Solem test that appellant does brief,
his arguments would fail. In conducting an Eighth Amendment proportionality
analysis, we first make a threshold comparison of the offense against the severity of
the sentence, judging the gravity of the offense in light of the harm caused or
threatened to the victim or society, and the culpability of the offender. Culton v.
State, 95 S.W.3d 401, 403 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d); Moore
v. State, 54 S.W.3d 529, 542 (Tex. App.—Fort Worth 2001, pet. ref’d). We also
consider the sentence imposed in light of appellant’s prior offenses. Culton, 95
S.W.3d at 403. Only upon determining that the sentence is grossly disproportionate
to the offense do we then consider the two remaining factors from Solem. Id. 
          Appellant violated the sanctity of two homes in order to commit robbery. See
Blankenship v. State, 780 S.W.2d 198, 207 (Tex. Crim. App. 1989) (explaining that
the traditional rationale for the higher punishment of burglary of a habitation is
protection of the sanctity of the home). While in those homes, he threatened the
occupants and struck two victims on the head with his gun, requiring one to visit the
hospital for wounds to his head, arms, and hands and miss one week of work. To
facilitate these crimes, appellant and his accomplice stole the front license plate from
one truck and put it on another truck they also had stolen. When the police located
them in the truck, they evaded arrest, leading police on a dangerous high speed chase;
appellant later admitted he was the driver. A few weeks later, appellant again evaded
arrest, attempting to hit a deputy with his vehicle and leading police on another
dangerous high speed chase. Appellant later turned himself in and confessed to these
crimes, three other burglaries during which vehicles were stolen, and the theft of a
cash machine from a car wash. Appellant also has prior convictions for assault and
unauthorized use of a motor vehicle as a juvenile and marijuana possession and
criminal trespass as an adult. Appellant could have been sentenced from 5 years up
to 99 years, or life. Tex. Pen. Code Ann. § 29.03 (Vernon 2003). The 40-year
sentences he received are well below the statutorily prescribed maximum. 
          In light of these facts, we cannot say that a 40-year sentence is grossly
disproportionate. Because we have found no gross disproportionality, it is
unnecessary to evaluate the sentences under the two remaining factors of the Solem
test. Thus, we conclude that appellant’s trial counsel was not ineffective because
even if he had made an objection to appellant’s sentences as grossly disproportionate
to the convicted offenses, the judge would not have erred in overruling the objection. 
See Jangaroo, 180 S.W.3d at 800; Vaughn, 888 S.W.2d at 74.
          We overrule appellant’s second point of error in both appellate cause numbers.
CONCLUSION
          We affirm the judgment of the trial court.
 
          
 

                                                                        Evelyn V. Keyes
                                                                        Justice
 
Panel consists of Justices Taft, Keyes, and Hanks.
Publish. Tex. R. App. P. 47.2(b).