Opinion issued March 1, 2007






 







In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00597-CR

NO. 01-06-00598-CR






ROY JAY CHEVIS, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 209th District Court 

Harris County, Texas

Trial Court Cause Nos. 1044143 and 1044141






MEMORANDUM OPINION


 Without an agreed recommendation, appellant pleaded guilty to two
indictments for aggravated sexual assault of a child. (1) See Tex. Pen. Code Ann.
§ 22.021 (Vernon Supp. 2006). After a presentence investigation (PSI) hearing, the
trial court assessed punishment at confinement for 50 years for each offense, to run
concurrently. Challenging each conviction, appellant raises two identical issues in
each appeal. Appellant contends that (1) he received ineffective assistance of counsel
and (2) his 50-year sentences violate his federal constitutional right against cruel and
unusual punishment.

 We affirm.

Ineffective Assistance of Counsel


 In his first issue, appellant asserts that he received ineffective assistance of
counsel "during his pleas of guilty and at his pre-sentence investigation hearing
where it was appellant's understanding that he would receive community
supervision." 

 To establish ineffective assistance of counsel, appellant must show by a
preponderance of the evidence that his counsel's representation fell below the
standard of prevailing professional norms and that there is a reasonable probability
that, but for counsel's deficiency, the result of the trial would have been different.
Strickland v. Washington, 466 U.S. 668-89, 694, 104 S. Ct. 2052, 2065 (1984);
Salinas v. State, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); Thompson v. State,
9 S.W.3d 808, 812 (Tex. Crim. App. 1999). In evaluating the effectiveness of
counsel under the first prong, we look to the totality of the representation and the
particular circumstances of each case. Thompson, 9 S.W.3d at 813. The issue is
whether counsel's assistance was reasonable under all the circumstances and
prevailing professional norms at the time of the alleged error. See Strickland, 466
U.S. at 688-89, 104 S. Ct. at 2065. To satisfy the second prong of the test enunciated
in Strickland, appellant must show there is a reasonable probability that, but for
counsel's errors, he would not have pleaded guilty, but would have insisted on going
to trial. See Ex parte Moody, 991 S.W.2d 856, 857-58 (Tex. Crim. App. 1999).

 Here, appellant points out that the PSI report reflects that he has only a seventh
grade education and cannot read or write. Appellant asserts that, because of this lack
of formal education, it was "very understandable that [he] could have been confused
by the proceedings." Appellant further asserts that, because trial counsel filed a
motion for community supervision, "he could have reasonably assumed he would be
receiving probation once he was sentenced." Appellant also points out that his pro
se notice of appeal indicates that he believed that he would be receiving probation. 
 In support of his claim that his trial counsel's representation was deficient,
appellant asserts that "[t]he record does not reflect that trial counsel fully explained
the consequences of Appellant's pleas," which appellant believes particularly
important in this case "due to [appellant's] lack of formal education." Appellant
further contends that "[b]y not putting on the record the efforts made by trial counsel
to assure that Appellant understood the waiver of his rights to a trial by jury this
amounted to ineffective assistance and these circumstances fell below an objective
standard of reasonableness." 

 We have previously held that "a defendant's claim he was misinformed by
counsel, standing alone, is not enough for us to hold his plea was involuntary." 
Fimberg v. State, 922 S.W.2d 205, 208 (Tex. App.--Houston [1st Dist.] 1996, pet.
ref'd). Rather, to overcome the presumption of reasonable professional assistance,
"any allegation of ineffectiveness must be firmly founded in the record, and the
record must affirmatively demonstrate the alleged ineffectiveness." Salinas, 163
S.W.3d at 740. Under normal circumstances, the record on direct appeal will not be
sufficient to show that counsel's representation was so deficient and so lacking in
tactical or strategic decision-making as to overcome the presumption that counsel's
conduct was reasonable and professional. Bone v. State, 77 S.W.3d 828, 833 (Tex.
Crim. App. 2002). As the court of criminal appeals explained, "rarely will the trial
record contain sufficient information to permit a reviewing court to fairly evaluate the
merits of such a serious allegation: '[i]n the majority of cases, the record on direct
appeal is simply undeveloped and cannot adequately reflect the failings of trial
counsel.'" Id.

 In this case, appellant waived his right to have the court reporter record his
guilty plea. The clerk's record reflects that, during the plea process, appellant signed
admonishments recognizing that he was charged with "the felony offense of
Aggravated Sexual Assault of a Child" and faced the first-degree felony punishment
range of life imprisonment or any term of imprisonment of not more than ninety-nine
years or less than five years. In sum, the admonishments and plea forms signed by
appellant indicate that he understood the charges against him and the consequences
of his plea.

 Nothing in the record otherwise affirmatively demonstrates that trial counsel
failed to appropriately advise appellant regarding the consequences of his plea or the
possible sentencing range. Rather, the record is silent on this point. Though he filed
a motion for new trial, appellant did not allege ineffective assistance of counsel. 
Moreover, the transcript from the PSI hearing contains nothing supporting appellant's
argument. Other than his bare assertions, appellant has not shown by a
preponderance of the evidence that trial counsel was ineffective by failing to advise
him properly regarding the consequences of his plea. Nor has appellant shown that
there is a reasonable probability that, but for counsel's errors, he would not have
pleaded guilty, but would have insisted on going to trial.

 We overrule appellant's first point of error in both appellate cause numbers.

Cruel and Unusual Punishment


 In his second point of error, appellant contends that his 50-year sentences
constitute cruel and unusual punishment in violation of the Eighth Amendment of the
United States Constitution. See U.S. Const. amend. VIII. More specifically,
appellant asserts that his sentences violate the Eighth Amendment because they are
disproportionate to the convicted offenses. Appellant acknowledges that he made no
Eighth Amendment objection in the trial court. Nonetheless, appellant contends that
we should consider his point because his complaint constitutes fundamental error for
which he was not required to object in the trial court. 

 An appellate court may, in rare cases, "tak[e] notice of fundamental errors
affecting substantial rights although they were not brought to the attention of the
[trial] court." Tex. R. Evid. 103(d); see Jasper v. State, 61 S.W.3d 413, 420 (Tex.
Crim. App. 2001). Here, appellant offers no authority and no argument why his
claimed error constitutes fundamental error. Nor does our own research reveal any
authority holding the claimed error to be fundamental error. To the contrary, we have
previously held that a defendant must raise the issue of cruel and unusual punishment
in trial court to preserve the issue for appeal. See Solis v. State, 945 S.W.2d 300, 301
(Tex. App.--Houston [1st Dist.] 1997, pet. ref'd). Even more specifically, we have
recently held that, "[t]he failure to specifically object to an alleged disproportionate
sentence in the trial court or in a post-trial motion waives any error." Jacoby v. State,
Nos. 01-05-00805-CR and 01-05-00806-CR, 2006 WL 3438806, at *2 (Tex.
App.--Houston [1st Dist.] Nov. 30, 2006, pet. filed). Here, appellant never objected
to the alleged disproportionality of his sentences either in the trial court or in a
post-trial motion. Accordingly, appellant's argument is not preserved for our review. 
See Tex. R. App. P. 33.1(a); Jacoby, 2006 WL 3438806, at *2.

 We overrule appellant's second point of error in each appellate cause.

 Conclusion


 We affirm the judgments of the trial court.




 Laura Carter Higley

 Justice


Panel consists of Justices Nuchia, Keyes, and Higley.


Do not publish. Tex. R. App. P. 47.2(b).
1. As described in the PSI report, the complainants in these appeals are two sisters. 
Appellant moved in with the sisters and their mother in 1998. For the next seven
years, appellant continuously sexually assaulted the girls. When the older sister was
13, she give birth to a baby boy. Two years later, the younger sister gave birth to a
baby girl at age 14. DNA testing showed that appellant was the father of both babies. 
Appellant was charged with aggravated sexual assault in two separate indictments.