NUMBER 13-07-224-CR 



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


EDWARD LISTER, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 347th District Court 

of Nueces County, Texas

 


MEMORANDUM OPINION


Before Chief Justice Valdez, Justices Garza and Vela


Memorandum Opinion by Justice Vela


 Appellant, Edward Lister, was indicted for theft of property valued at less than
$1,500. (1) Because the indictment alleged that he had two prior theft convictions, the
offense was enhanced to a state-jail felony. (2) The jury found appellant guilty of the
offense, and the trial court assessed punishment, enhanced by two prior felony
convictions, at ten years' imprisonment. By his sole issue, appellant contends the
punishment was disproportionate to the seriousness of the offense, in violation of the
Eighth and Fourteenth Amendments to the United States Constitution. We affirm.

I. Facts


 On November 11, 2006, Corpus Christi Police Officers Andres Alvarez and
Justin Wicks received a dispatch regarding a theft in progress at Oasis Discount
Liquor on 10802 Leopard Street. When they entered the store, a clerk pointed toward
three men in the back of the store and told the officers the men were stealing
merchandise. Inside the store, the officers detained appellant and the two other men. 
Officer Olga Flores, who had arrived shortly after Alvarez and Wicks, took appellant
aside to pat him down for weapons. She saw "big bulges" on both sides of appellant's
pants and heard a "clanking of glass" when he walked. She removed seven bottles
of liquor from his pants.

 Hasmukh Patel, the store's owner, testified that the liquor which appellant stole
from him was worth "at least $600." He further testified that appellant never offered
to pay him for the liquor.

 A security camera inside the store recorded the theft on videotape, and the
State played the videotape for the jury. The videotape showed appellant and another
man stuffing bottles of liquor down their pants. The video also showed Officer Flores
removing seven bottles of liquor from appellant's pants. 

 The defense rested without calling any witnesses.

II. Punishment Phase


 The enhancement allegations alleged that (1) on October 30, 1997, appellant
was convicted of unauthorized use of a motor vehicle, and (2) on May 3, 2002, he
was convicted of assault on a public servant. The indictment further alleged that the
second previous conviction was for an offense that occurred after the first previous
conviction became final. After he pleaded "True" to both enhancement allegations,
the trial court admitted State's Exhibits 2, 3, and 4 into evidence. Exhibit 2 is a cover
sheet, listing in detail all of the prior convictions that are contained in Exhibits 3 and
4. Exhibit 3 contains copies of appellant's misdemeanor judgments, and Exhibit 4
contains copies of his felony judgments.

 The State called the store's owner, Hasmukh Patel, to testify at the punishment
phase. When the prosecutor asked Patel how appellant's theft of the liquor affected
his business, he replied:

 It affects a lot because I am not big businessman. I am just trying to
make good life for me and my kids. It is big loss because I am working
on low percent margin. It takes lot for me to cover that up also it has
happened a lot and only few times we catch somebody or we seen
somebody stealing. So it affects a lot because people get used to doing
that on the place.


When the prosecutor asked him, "[Y]ou testified earlier today that it was about $600
worth of liquor. Would that be a big loss to your store?", he said, "Yes, sir, because
we work only on 15 percent markup on dollar. So we have to make a lot of sale to
just recover that 600 dollar."

 Patel stated that on another occasion, appellant had "taken some bottles" from
his store and had gotten away. At some point, Patel installed a $6,000 security
camera to catch persons stealing from his store.

 Appellant testified that when he was six years old, he was accidentally hit in 
his eye with a pipe and that the numerous surgeries to repair the injury caused him
"a little bit" of brain damage. On two occasions, he went to the San Antonio State
Hospital. He also went to "Vernon's" and to MHMR. In school, he was a special-education student and attended up to the ninth grade. He testified that he had a long
juvenile history and that he had been to the Texas Youth Commission. He received
social security disability. His work history included mowing lawns and working as a
janitor. He denied having any substance-abuse problems. When defense counsel
asked him, "Don't you know what you did was wrong?", he answered affirmatively. On cross-examination, the prosecutor questioned appellant about his criminal
history as follows:

 Q. Do you remember that your probation was revoked in Cause Number
93-CR-1853-E and you were sentenced to prison for four years back in
1994--I'm sorry, 1997.


 A. Yeah.


 Q. You remember also you are on probation for burglary of a vehicle in
Cause Number 93-CR-1967-E. Again you were placed on probation and
you only made three years of your probation before it was revoked you
got sentenced to prison. You remember that? Is that a yes?


 A. Yeah. Yes, sir.


 Q. You remember you were on probation in Cause Number 00-CR-1588-A for assault on a public servant, two counts, where you
apparently assaulted two police officers. You were placed on probation
for that and your probation got revoked in that case too, within two
years; is that right?


 A. No.


 Q. That's not right?


 A. I did not actually hit either one of them.


 Q. I am not asking you about the facts of the case. I am just asking,
weren't you on probation for that and your probation got revoked for that.


 A. I don't remember why it was revoked.


* * * * *



 Q. In fact, you do agree that all those lists of convictions I showed you
and your attorney in State's Exhibit Number 2, those are all your
convictions, correct?


 A. Yes, sir.


* * * * *



 Q. You have been convicted of at least 18 misdemeanors and seven
felonies, correct?


 A. Yes, sir.


* * * * *



 Q. So we call these crimes felonies and misdemeanors. But isn't it true,
Mr. Lister, you really left a trail of victims behind you, haven't you? Is
that a yes?


 A. Yes, sir.


* * * * *



 Q. Do you remember the part of the video, Mr. Lister, specifically when
you are taking bottles off the shelf, you were looking around before you
hid them. You remember looking around? That would indicate to me,
wouldn't it, that you at least you knew what you were doing was wrong. 
Yet you did it anyway, hid the bottles in your clothes, correct?


 A. Yes.


 After the trial court heard all of the punishment evidence, defense counsel
advised the court, "I did not find an issue of competence."

III. Analysis


 By his sole issue, appellant contends the punishment was disproportionate to
the seriousness of the offense, in violation of the Eighth and Fourteenth Amendments
to the United States Constitution. The Eighth Amendment provides that "[E]xcessive
bail shall not be required, nor excessive fines imposed, nor cruel and unusual
punishment inflicted." U.S. Const. amend. VIII; see Robinson v. California, 370 U.S.
660, 675 (1962). The Eighth Amendment is applicable to punishments imposed by
state courts through the Due Process Clause of the Fourteenth Amendment. 
Robinson, 370 U.S. at 657. 

 Appellant made no objection to his sentence. Additionally, he did not file any
post-trial motions or objections complaining that his sentence was either
disproportionate to the seriousness of the offense, or complaining about the disparity,
cruelty, unusualness or excessiveness of the sentence. 

 To preserve error for appellate review, a party must present a timely objection
to the trial court, state the specific grounds for the objection, and obtain a ruling. Tex.
R. App. P. 33.1(a); Dixon v. State, 2 S.W.3d 263, 265 (Tex. Crim. App. 1998). The
failure to specifically object to an alleged disproportionate sentence in the trial court
or in a post-trial motion waives any error for our review. Jacoby v. State, 227 S.W.3d
128, 130 (Tex. App.-Houston [1st Dist.] 2006, pet. ref'd); see e.g., Nicholas v. State,
56 S.W.3d 760, 768 (Tex. App.-Houston [14th Dist.] 2001, pet. ref'd) (failure to
complain to trial court about consecutive sentencing waived error); Solis v. State, 945
S.W.2d 300, 301 (Tex. App.-Houston [1st Dist.] 1997, pet. ref'd) (holding that a claim
of a grossly disproportionate sentence violative of Eighth Amendment was forfeited
by failure to object). Here, appellant neither objected to the alleged disproportionality
of the sentence in the trial court, nor raised the issue in a post-trial motion; he is
raising it for the first time on appeal. His argument, therefore, is not preserved for
review. See Tex. R. App. P. 33.1(a); Jacoby, 227 S.W.3d at 130.

 Even assuming appellant preserved the complaint, we conclude that his ten-year sentence was within the statutorily prescribed punishment range. After he was
convicted of state-jail felony theft, he pleaded "True" to each of the two enhancement
allegations. This allowed the trial court to assess punishment in the range applicable
to a second-degree felony. (3) The punishment range for a second-degree felony is
imprisonment for a term of not more than twenty years or less than two years, and a
fine not to exceed $10,000. Tex. Penal Code Ann. § 12.33(a), (b) (Vernon 2003).

 Punishment assessed within the statutory limits is generally not cruel and
unusual punishment. Harris v. State, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983)
(holding that punishment which falls within the limits prescribed by a valid statute is
not excessive, cruel or unusual); Samuel v. State, 477 S.W.2d 611, 614 (Tex. Crim. App.
1972); Swinney v. State, 828 S.W.2d 254, 259 (Tex. App.-Houston [1st Dist.] 1992, no
pet.).

 Appellant asks this Court to apply the Solem proportionate analysis test to his
sentence. See Solem v. Helm, 463 U.S. 277, 291 (1983). This Court has recognized that
"the viability and mode of application of proportionate analysis . . . has been questioned
since the Supreme Court's decision in Harmelin v. Michigan, 501 U.S. 957 (1991)." 
Trevino v. State, 174 S.W.3d 925, 928 (Tex. App.-Corpus Christi 2005, pet. ref'd) (citing
McGruder v. Puckett, 954 F.2d 313, 315-16 (5th Cir. 1992) (discussing the various opinions
issued in Harmelin, 501 U.S. at 957, and their impact on the Solem decision)); see Sullivan
v. State, 975 S..W.2d 755, 757-58 (Tex. App.-Corpus Christi 1998, no pet.) (discussing
the implications of the Harmelin opinion and reviewing the proportionality of appellant's
sentence under the Solem and McGruder tests). Assuming, arguendo, the viability of a
proportionality review, as we did in Sullivan, we will apply both the Solem and McGruder
tests to the facts of this case. (4) See Sullivan, 975 S.W.2d at 757-58. In both Solem and
McGruder, we look first at the gravity of the offense and the harshness of the penalty. 
Solem, 463 U.S. at 290; McGruder, 954 F.2d at 316. 

1. Gravity of the Offense. The evidence showed that appellant was a major actor in the theft. Officer Flores
testified, and the videotape confirmed, that appellant had seven bottles of liquor in his
pants. Officer Alvarez testified that one of the three suspects had no liquor. The videotape
showed that the other suspect had at least five bottles. 

 Patel, the store's owner, testified that the liquor stolen by appellant was worth at
least $600. He stated that this was a "big loss" because his store only had a fifteen-percent markup on the dollar. He also testified that the store would have to make a lot of
sales to recover that $600 loss. He had to install an expensive video camera to deter theft
from his store. He testified that appellant had taken merchandise from his store on a prior
occasion.

2. Harshness of the Penalty.

 Appellant was found guilty of state-jail felony theft, enhanced to a second-degree
felony based on prior convictions. The ten-year sentence is ten years shorter than the
available twenty-year maximum term permitted for a second-degree felony. In light of the
nature of appellant's offense and the punishment range available, we conclude that
appellant's ten-year sentence is not grossly disproportionate to his crime. This finding ends
our analysis under McGruder. See McGruder, 954 F.2d at 316; see also Sullivan, 975
S.W.2d at 757. Because there is no evidence in the appellate record of the sentences
imposed for other crimes in Texas or for the same crime in other jurisdictions, we may not
perform a comparative evaluation using the remaining Solem factors. See Solem, 463
U.S. at 292; see also Sullivan, 975 S.W.2d at 757-58. Therefore, we conclude that
appellant's sentence is neither grossly disproportionate nor cruel and unusual. We
overrule the sole issue for review.

 The trial court's judgment is affirmed. 

 

 

 ROSE VELA

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this 18th day of October, 2007.
1. See Tex. Penal Code Ann. §§ 31.03(a), (b) (Vernon Supp. 2006).
2. Section 31.03, subsections (e)(4)(D) of the Texas Penal Code provide: "(e) Except as provided by
Subsection (f), an offense under this section is: . . . (4) a state jail felony if: . . . (D) the value of the property
stolen is less than $1,500 and the defendant has been previously convicted two or more times of any grade
of theft; . . . ." Id. § 31.03(e)(4)&(D). 
3. Section 12.35(a) of the Texas Penal Code provides: "Except as provided by Subsection c, an
individual adjudged guilty of a state jail felony shall be punished by confinement in a state jail for any
term of not more than two years or less than 180 days." Tex. Penal Code Ann. § 12.35(a) (Vernon
2003). Section 12.42(a)(2) provides:


 If it is shown on the trial of a state jail felony punishable under Section 12.35(a) that the
defendant has previously been finally convicted of two felonies, and the second
previous felony conviction is for an offense that occurred subsequent to the first
previous conviction having become final, on conviction the defendant shall be punished
for a second-degree felony.


Id. § 12.42(a)(2) (Vernon Supp. 2006).


4. McGiffin v. State, No. 13-05-561-CR, 2006 WL 2294553 (Tex. App.-Corpus Christi August 10,
2006, no pet.) (mem. op.) (not designated for publication).