

## NUMBERS 13-07-737-CR and 13-07-738-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

ANGELITA TREVINO,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                  Appellee.

### On appeal from the 94th District Court
### of Nueces County, Texas

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Vela
### Memorandum Opinion by Justice Vela

Appellant, Angelita Trevino, was convicted on two counts of aggravated sexual assault of a child. *See* TEX. PENAL CODE ANN. § 22.021(a). She now appeals the trial court's imposition of two concurrent ten-year sentences in the Institutional Division of the Texas Department of Criminal Justice, claiming the sentences are disproportionate to the seriousness of the offenses. We affirm.

## I. Background

Trevino pleaded guilty to two counts of aggravated sexual assault of a child. *See* TEX. PENAL CODE ANN. § 22.021(a) (Vernon Supp. 2007). The trial court deferred adjudication of guilt and placed her on ten years' community supervision. On September 27, 2007, Trevino was indicted for failure to comply with the sex-offender registration requirements. *See* TEX. CODE OF CRIM. PROC. ANN. art. 62.102(a) (Vernon 2006). The State filed a motion to revoke Trevino's community supervision, alleging she violated her community supervision by failing to: (1) register as a sex offender; (2) report to her community-supervision officer; (3) pay fines and fees; and (4) participate in sex-offender treatment programs. On November 30, 2007, Trevino pleaded guilty to the indictment, and she pleaded true to the allegations that she had violated conditions of her community supervision. The trial court sentenced her to two concurrent sentences of ten years' confinement in the Institutional Division of the Texas Department of Criminal Justice.

## II. Discussion

By one issue, Trevino contends the punishment was disproportionate to the seriousness of the offense, in violation of the Eighth and Fourteenth Amendments to the United States Constitution. *See* U.S. CONST. amends VIII and XIV. The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." U.S. CONST. amend. VIII; *see Robinson v. California*, 370 U.S. 660, 675 (1962). The Eighth Amendment is applicable to punishments imposed by state courts through the Due Process Clause of the Fourteenth Amendment. *Robinson*, 370 U.S. at 675.

Trevino did not object to her sentence in the trial court. Additionally, she did not file any post-trial motions or objections complaining that her sentence was either

disproportionate to the seriousness of the offense, or complaining about the disparity, cruelty, unusualness or excessiveness of the sentence.

To preserve error for appellate review, a party must present a timely objection to the trial court, state the specific grounds for the objection, and obtain a ruling. TEX. R. APP. P. 33.1(a); *Dixon v. State*, 2 S.W.3d 263, 265 (Tex. Crim. App. 1998). The failure to specifically object to an alleged disproportionate sentence in the trial court or in a post-trial motion waives any error for our review. *Jacoby v. State*, 227 S.W.3d 128, 130 (Tex. App.–Houston [1st Dist.] 2006, pet. ref'd); *see, e.g., Nicholas v. State*, 56 S.W.3d 760, 768 (Tex. App.–Houston [14th Dist.] 2001, pet. ref'd) (failure to complain to trial court about consecutive sentencing waived error); *Solis v. State*, 945 S.W.2d 300, 301-02 (Tex. App.–Houston [1st Dist.] 1997, pet. ref'd) (holding that a claim of a grossly disproportionate sentence violative of Eighth Amendment was forfeited by failure to object). Here, Trevino neither objected to the alleged disproportionality of the sentence in the trial court, nor raised the issue in a post-trial motion; she is raising it for the first time on appeal. Her argument, therefore, is not preserved for review. *See* TEX. R. APP. P. 33.1(a); *Jacoby*, 227 S.W.3d at 130.

Even assuming Trevino preserved the complaint, we note that her ten-year sentences were within the statutorily prescribed punishment range. Trevino pleaded guilty to the charge of failure to comply with sex-offender registration requirements, a third-degree felony. *See* TEX. CODE CRIM. PROC. ANN. art. 62.102(b)(2). Punishment for a third-degree felony is imprisonment for a term of not more than ten years or less than two years, and a fine not to exceed $10,000. TEX. PENAL CODE ANN. § 12.34 (Vernon 2003). Trevino also was adjudicated guilty of two counts of aggravated sexual assault of a child, a first-degree felony. *Id*. § 22.021(e). Punishment for a first-degree felony is imprisonment from

five to ninety-nine years or life, and a fine not to exceed $10,000. *Id*. § 12.32 (Vernon 2003). Punishment assessed within the statutory limits is generally not cruel and unusual punishment. *Samuel v. State*, 477 S.W.2d 611, 614 (Tex. Crim. App. 1972); *Swinney v. State*, 828 S.W.2d 254, 259 (Tex. App.–Houston [1st Dist.] 1992, no pet.).

Trevino asks this Court to apply the *Solem* proportionate analysis test to her sentence. *See Solem v. Helm*, 463 U.S. 277, 290-92 (1983). This Court has recognized that "the viability and mode of application of proportionate analysis . . . has been questioned since the Supreme Court's decision in *Harmelin v. Michigan*, 501 U.S. 957 (1991)." *Trevino v. State*, 174 S.W.3d 925, 928 (Tex. App.–Corpus Christi 2005, pet. ref'd) (citing *McGruder v. Puckett*, 954 F.2d 313, 315-16 (5th Cir. 1992) (discussing the various opinions issued in *Harmelin*, and their impact on the *Solem* decision)); *see Sullivan v. State*, 975 S.W.2d 755, 757-58 (Tex. App.–Corpus Christi 1998, no pet.) (discussing the implications of the *Harmelin* opinion and reviewing the proportionality of appellant's sentence under the *Solem* and *McGruder* tests). Assuming, *arguendo*, the viability of a proportionality review, as we did in *Sullivan*, we will apply both the *Solem* and *McGruder* tests to the facts of this case. *See Sullivan*, 975 S.W.2d at 757-58; *McGiffin v. State*, No. 13-05-561-CR, 2006 WL 2294553, *1 (Tex. App.–Corpus Christi, August 10, 2006, no pet.) (mem. op.) (not designated for publication). In both *Solem* and *McGruder*, we look first at the gravity of the offense and the harshness of the penalty. *Solem*, 463 U.S. at 290-91; *McGruder*, 954 F.2d at 316.

*1. Gravity of the Offenses*

Trevino pleaded guilty to two counts of aggravated sexual assault of a child. Both offenses are first-degree felonies. The trial court placed her on community supervision for

4

these offenses.  She violated the terms and conditions of her community supervision by, among other things, failing to register as a sex offender, a third-degree felony.  She pleaded guilty to that offense, and she pleaded true to the allegations she violated the terms and conditions of her community supervision.

*2. Harshness of the Penalties*

Based upon the seriousness of Trevino's convictions for aggravated sexual assault of a child, her failure to register as a sex offender, and the punishment ranges available, we conclude Trevino's sentences are not grossly disproportionate to her crimes.  This finding ends our analysis under *McGruder*.  *See McGruder*, 954 F.2d at 316; *see also Sullivan*, 975 S.W.2d at 757.  Because there is no evidence in the appellate record of the sentences imposed for other crimes in Texas or for the same crimes in other jurisdictions, we may not perform a comparative evaluation using the remaining *Solem* factors.  *See Solem*, 463 U.S. at 292; *see also Sullivan*, 975 S.W.2d at 757-58.  Therefore, we conclude that Trevino's sentences are neither grossly disproportionate nor cruel and unusual.  The issue is overruled.

The trial court's judgments are affirmed.

ROSE VELA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and
filed this 3rd day of July, 2008.