

## NUMBER 13-11-00055-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

JULIO CESAR RUIZ,                                                            Appellant,

v.

THE STATE OF TEXAS,                                                          Appellee.

On appeal from the 24th District Court
of Refugio County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion by Chief Justice Valdez**

Appellant, Julio Cesar Ruiz, pleaded guilty to the first-degree felony offense of possession of marihuana in the amount of 2,000 pounds or less but more than fifty pounds and was sentenced to twenty years in the Institutional Division of the Texas Department of Criminal Justice. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121 (West 2010). By one issue, Ruiz contends the twenty-year sentence was "grossly

disproportionate" to his part in the crime and, thus, violated the Eighth Amendment of the U.S. Constitution.  We affirm.

## I.   BACKGROUND

On March 26, 2010, a Texas State Trooper conducted a traffic stop in Refugio County with Ruiz in the passenger seat of the vehicle.  The Trooper found approximately fifty-six pounds of marihuana in the spare tire of the vehicle.  The driver and Ruiz were arrested for possession of marihuana.  *See id.*

On November 23, 2010, Ruiz entered an open plea of guilty to the possession of marihuana charge, a second-degree felony.  The State sought to enhance the charge because Ruiz had a previous felony conviction.[1]  Due to the previous felony conviction, the second-degree felony charge was enhanced to a first-degree felony charge.  *See* TEX. PENAL CODE ANN. § 12.42 (West 2010).

At the punishment hearing on December 15, 2010, Ruiz's counsel asked the trial court to consider deferred adjudication at the court's discretion.  The State sought a sentence of at least thirty years.  The court, after hearing arguments, sentenced Ruiz to twenty years in the Institutional Division of the Texas Department of Criminal Justice with a fine of $5,000.  This appeal followed.

## II.   CONSTITUTIONALITY OF THE SENTENCE

In his sole issue, Ruiz contends that his sentence of twenty years for his "minor role" in the crime constituted "cruel and unusual" punishment in violation of the Eighth Amendment.  Specifically, it appears Ruiz is arguing that his sentence is grossly disproportionate to the convicted offense.

---

[1] At the hearing, Ruiz pleaded "true" to the enhancement paragraph alleging he had a previous 2005 felony conviction for sexual assault in Hidalgo County, Texas.

2

## A.   APPLICABLE LAW

The Eighth Amendment of the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines, nor cruel and unusual punishment inflicted."  *See* U.S. CONST. amend. VIII.  The Eighth Amendment applies to punishments imposed by state courts though the Due Process Clause of the Fourteenth Amendment.  *See* U.S. CONST. amend. XIV.  Yet, it is possible for this right, and every constitutional or statutory right, to be waived by a "failure to object."  *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986).

In order to preserve an error for appellate review, the record must demonstrate the error was made known to the trial court by a "timely request, objection, or motion" that stated the specific grounds for objection and that the court ruled on that ground. TEX. R. APP. P. 33.1(a); *Rezac v. State*, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990); *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd) ("To preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired."). If a party does not specifically object to an alleged disproportionate sentence in the trial court or through post-trial motions, then he has failed to preserve the error for appellate review.  *Jacoby v. State*, 227 S.W.3d 128, 130 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd) (concluding that the defendant did not preserve the disproportionality of the sentences issue because it was raised for the first time on appeal); *Quintana v. State*, 777 S.W.2d 474, 479 (Tex. App.—Corpus Christi 1989, pet. ref'd) (holding claim of "cruel and unusual" punishment issue was waived because of "failing to object").

**A. DISCUSSION**

Ruiz contends that his "minor role" of being a passenger in the vehicle did not warrant the twenty-year sentence and violated his Eighth Amendment right.[2] Before we address this issue, we first examine the record to determine if Ruiz has preserved this issue for appellate review. TEX. R. APP. P. 33.1(a). At the punishment hearing, neither Ruiz nor his attorney objected to the sentence. After the hearing, Ruiz did not file any post-trial motions or objections claiming his sentence violated the Eighth Amendment. The Eighth Amendment issue was raised for the first time with this Court and was not raised to the trial court. Thus, we conclude that Ruiz did not preserve this issue for appellate review, and we overrule his issue on this ground alone. *See Jacoby*, 227 S.W.3d at 130; *Quintana*, 777 S.W.2d at 479.

Nonetheless, because the twenty-year sentence falls within the statutory limits for a first-degree felony conviction, we conclude that the sentence was not unconstitutional. *See* TEX. PENAL CODE ANN. § 12.32 (West 2010). Ruiz pleaded guilty to second-degree felony possession of marihuana and "true" to a previous felony conviction. The previous felony conviction enhanced the second-degree felony to a first-degree felony. *See* TEX. PENAL CODE ANN. § 12.42. Ruiz's twenty-year sentence falls within the five to ninety-nine year range prescribed for first-degree felonies.[3] *See* TEX. PENAL CODE ANN. § 12.32(a). The punishment imposed was within the statutory limits, which is not considered excessive, cruel, or unusual. *See Trevino v. State*, 174

---

[2] Ruiz points out that the driver of the vehicle received deferred adjudication for the second-degree felony, whereas he, a mere passenger, received twenty years. In his brief, Ruiz does not acknowledge or address the distinction between the classification of his offense as a first-degree felony and the classification of the driver's offense as a second-degree felony.

[3] Although the issue is not raised on appeal, we note that the trial court's $5,000 fine also falls within the statutory limits for a first-degree felony. *See* TEX. PENAL CODE ANN. § 12.32(b). The maximum fine a court can impose upon a first-degree felony conviction is $10,000. *Id.*

4

S.W.3d 925, 928 (Tex. App.—Corpus Christi 2005, pet. ref'd). Therefore, for the reasons stated above, even if the issue had been preserved, we would overrule it.

### III.    CONCLUSION

The trial court's judgment is affirmed.

_____
ROGELIO VALDEZ
Chief Justice

Do not Publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
14th day of July, 2011.