NUMBER
13-11-00055-CR

 

COURT
OF APPEALS

 

THIRTEENTH
DISTRICT OF TEXAS

 

                                  CORPUS
CHRISTI - EDINBURG

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



JULIO CESAR RUIZ,                                                                     Appellant,

 

v.

 

THE STATE OF TEXAS,                                                                
Appellee.

 

 



On
appeal from the 24th District Court

of
Refugio County, Texas.

 

 



 MEMORANDUM
OPINION

 

Before
Chief Justice Valdez and Justices Rodriguez and Garza

Memorandum
Opinion by Chief Justice Valdez

 

            Appellant, Julio Cesar Ruiz,
pleaded guilty to the first-degree felony offense of possession of marihuana in
the amount of 2,000 pounds or less but more than fifty pounds and was sentenced
to twenty years in the Institutional Division of the Texas Department of
Criminal Justice.  See Tex.
Health & Safety Code Ann. § 481.121 (West 2010).  By one issue, Ruiz
contends the twenty-year sentence was “grossly disproportionate” to his part in
the crime and, thus, violated the Eighth Amendment of the U.S. Constitution.  We
affirm.

I.             
BACKGROUND

On March 26, 2010, a
Texas State Trooper conducted a traffic stop in Refugio County with Ruiz in the
passenger seat of the vehicle.  The Trooper found approximately fifty-six
pounds of marihuana in the spare tire of the vehicle.  The driver and Ruiz were
arrested for possession of marihuana.  See id.

On November 23, 2010,
Ruiz entered an open plea of guilty to the possession of marihuana charge, a
second-degree felony.  The State sought to enhance the charge because Ruiz had
a previous felony conviction.[1] 
Due to the previous felony conviction, the second-degree felony charge was
enhanced to a first-degree felony charge.  See Tex. Penal Code Ann. § 12.42 (West 2010).

At the punishment
hearing on December 15, 2010, Ruiz’s counsel asked the trial court to consider
deferred adjudication at the court’s discretion.  The State sought a sentence
of at least thirty years.  The court, after hearing arguments, sentenced Ruiz
to twenty years in the Institutional Division of the Texas Department of
Criminal Justice with a fine of $5,000.  This appeal followed.

II.           
CONSTITUTIONALITY OF THE SENTENCE

In his sole issue,
Ruiz contends that his sentence of twenty years for his “minor role” in the
crime constituted “cruel and unusual” punishment in violation of the Eighth
Amendment.  Specifically, it appears Ruiz is arguing that his sentence is
grossly disproportionate to the convicted offense.

A.        APPLICABLE LAW

The Eighth Amendment
of the United States Constitution provides that “[e]xcessive bail shall not be
required, nor excessive fines, nor cruel and unusual punishment inflicted.”  See
U.S. Const. amend. VIII.  The
Eighth Amendment applies to punishments imposed by state courts though the Due
Process Clause of the Fourteenth Amendment.  See U.S. Const. amend. XIV.  Yet, it is possible for this right,
and every constitutional or statutory right, to be waived by a “failure to
object.”  Smith v. State, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986).

In order to preserve
an error for appellate review, the record must demonstrate the error was made known
to the trial court by a “timely request, objection, or motion” that stated the
specific grounds for objection and that the court ruled on that ground.  Tex. R. App. P. 33.1(a); Rezac v. State,
782 S.W.2d 869, 870 (Tex. Crim. App. 1990); Kim v. State, 283 S.W.3d
473, 475 (Tex. App.—Fort Worth 2009, pet. ref’d) (“To preserve for appellate
review a complaint that a sentence is grossly disproportionate, constituting cruel
and unusual punishment, a defendant must present to the trial court a timely
request, objection, or motion stating the specific grounds for the ruling
desired.”).  If a party does not specifically object to an alleged
disproportionate sentence in the trial court or through post-trial motions,
then he has failed to preserve the error for appellate review.  Jacoby v.
State, 227 S.W.3d 128, 130 (Tex. App.—Houston [1st Dist.] 2006, pet. ref’d)
(concluding that the defendant did not preserve the disproportionality of the
sentences issue because it was raised for the first time on appeal); Quintana
v. State, 777 S.W.2d 474, 479 (Tex. App.—Corpus Christi 1989, pet. ref’d)
(holding claim of “cruel and unusual” punishment issue was waived because of
“failing to object”).  

A.  
 DISCUSSION

Ruiz contends that
his “minor role” of being a passenger in the vehicle did not warrant the
twenty-year sentence and violated his Eighth Amendment right.[2]  Before we
address this issue, we first examine the record to determine if Ruiz has
preserved this issue for appellate review.  Tex.
R. App. P. 33.1(a).  At the punishment hearing, neither Ruiz nor his
attorney objected to the sentence.  After the hearing, Ruiz did not file any post-trial
motions or objections claiming his sentence violated the Eighth Amendment.  The
Eighth Amendment issue was raised for the first time with this Court and was not
raised to the trial court.  Thus, we conclude that Ruiz did not preserve this
issue for appellate review, and we overrule his issue on this ground alone.  See
Jacoby, 227 S.W.3d at 130; Quintana, 777 S.W.2d at 479.

 Nonetheless, because
the twenty-year sentence falls within the statutory limits for a first-degree felony
conviction, we conclude that the sentence was not unconstitutional.  See
Tex. Penal Code Ann. § 12.32
(West 2010).  Ruiz pleaded guilty to second-degree felony possession of marihuana
and “true” to a previous felony conviction.  The previous felony conviction
enhanced the second-degree felony to a first-degree felony.  See Tex. Penal Code Ann. § 12.42.  Ruiz’s twenty-year
sentence falls within the five to ninety-nine year range prescribed for
first-degree felonies.[3] 
See Tex. Penal Code Ann. §
12.32(a).  The punishment imposed was within the statutory limits, which is not
considered excessive, cruel, or unusual.  See Trevino v. State,
174 S.W.3d 925, 928 (Tex. App.—Corpus Christi 2005, pet. ref’d).  Therefore,
for the reasons stated above, even if the issue had been preserved, we would
overrule it.

III.          
CONCLUSION

The trial court’s judgment is affirmed.

                                                                        

 

                                                                                    _____________________

Rogelio Valdez

                                                                                                Chief
Justice

 

Do not Publish. 

Tex. R. App.
P.
47.2(b)

Delivered and filed the 

14th day of July, 2011.

 









[1] At the hearing, Ruiz pleaded “true”
to the enhancement paragraph alleging he had a previous 2005 felony conviction
for sexual assault in Hidalgo County, Texas.

 





[2] Ruiz points out that the driver of
the vehicle received deferred adjudication for the second-degree felony, whereas
he, a mere passenger, received twenty years.  In his brief, Ruiz does not
acknowledge or address the distinction between the classification of his offense
as a first-degree felony and the classification of the driver’s offense as a second-degree
felony.





[3] Although the issue is not raised on
appeal, we note that the trial court’s $5,000 fine also falls within the statutory
limits for a first-degree felony.  See Tex.
Penal Code Ann. § 12.32(b).  The maximum fine a court can impose upon a
first-degree felony conviction is $10,000.  Id.