Opinion issued April
19, 2012.


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In
The

Court of Appeals

For The

First District of Texas

————————————

NO. 01-11-00942-CR

———————————

JEFFREY CORTEZ FARRIS, Appellant

V.

THE STATE OF TEXAS, Appellees



 



 

On
Appeal from the 209th District Court

Harris
County, Texas



Trial
Court Case No. 1298889

 



 

MEMORANDUM Opinion

Jeffrey Cortez Farris appeals a sentence entered upon his
guilty plea to the felony offense of aggravated robbery.[1]Farris
contends that the trial court’s sentence was excessive and grossly
disproportionate to the crime committed, violating his rights under the United
States and the Texas Constitutions.We hold that Farris failed to preserve his
complaint for appeal and therefore affirm.

Background

          Farrispled guilty to robbery with a
deadly weapon after taking aniPad while wielding an unopened knife. When Farris
first attempted to take the iPad, the victim dropped it.While the victim picked
up the iPad, Farris removed a knife from his pocket.Holding the unopened knife
at his hip, Farris took the iPad.Moments later, Farris boarded a buswith the
iPad in hand.The police arrived and arrested Farris on the bus.Farris testified
that, on the day in question, he had taken one Xanax pill and was high at the
time of the robbery.

Farriswas charged withrobbery with a deadly weapon.He waived
his right to trial and entered a guilty plea without an agreed recommendation
from the State regarding punishment.Following the pre-sentence investigation,
during which Farris requested probation, thetrial court sentenced Farris to
five years’ confinement.Farris did not object to the pronounced sentence at
trial.

Preservation of Error

          Farris contends the trial court’s
punishment was grossly disproportionate to the crime committed and thus
violated his state and federal constitutional rights.The State responds that Farris
waived this alleged error by failing to make an objection attrial.

          To preserve a complaint for appellate
review, a party must make a timely, specific objection and obtain an adverse
ruling.Tex. R. App. P. 33.1(a); Steadman
v. State, 31 S.W.3d 738, 741 (Tex.
App.—Houston [1st Dist.] 2000, pet. ref’d).This requirement serves two main
purposes: (1) to inform the trial court of the objection and give the trial court
an opportunity to rule on it, and (2) to give opposing counsel the
opportunity to take appropriate action in response.SeeGarza
v. State, 126
S.W.3d 79, 82 (Tex. Crim. App. 2004). To preserve for appellate review a complaint that a sentence amounts to
cruel and unusual punishment, a defendant must present to the trial court a
timely request, objection, or motion stating the specific grounds for the
ruling desired.See Tex. R. App. P. 33.1(a)(1); Rhoades v. State, 934 S.W.2d 113, 120
(Tex. Crim. App. 1996) (concluding that defendant waived error because he
presented argument for first time on appeal); Wynn v. State, 219 S.W.3d 54, 61 (Tex. App.—Houston [1st Dist.]
2006, no pet.) (holding that defendant’s failure to object to life sentence as
cruel and unusual punishment waived error);Solis
v. State, 945 S.W.2d 300, 301 (Tex. App.—Houston [1st Dist.] 1997, pet.
ref’d) (holding that defendant could not assert cruel and unusual punishment
for first time on appeal).

The record of the
punishment hearing indicates that Farris had some prior criminal history
related to drug use, possession, and distribution. The trial court assessed the
minimum statutory sentence for aggravated robbery: five years.Tex. Penal Code Ann. § 12.32(a) (West
2011).After the trial court announced
its sentence, Farris did not object to the assessed sentence or otherwise argue
that his sentence violated the Eighth Amendment of the United States Constitution
or Article 1, Section 13 of the Texas Constitution.He therefore failed to
preserve this alleged error.See Jacoby v.
State,227 S.W.3d 128, 130−31 (Tex. App.—Houston [1st Dist.] 2006, pet.
ref’d) (holding that defendant waived contention that  sentence for aggravated robbery constituted
unconstitutional cruel and unusual punishment when he failed to object to
length of sentence at trial).

Relying upon Meadaux v. State,
325 S.W.3d 189, 193 n.5 (Tex. Crim. App. 2010), Farris argues that this Court
should nevertheless consider his complaint because his sentence is cruel and
unusual. This Court has already rejected that argument, as has
our sister court. See Quezada
v. State, No. 01-11-00262-CR, 2011 WL 6015698, at *1 (Tex. App.—Houston
[1st Dist.] Dec. 1, 2011, pet. ref’d) (mem. op.); Williams v. State, No.
14-11-00139-CR, 2011 WL 6287972, at *2 (Tex. App.—Houston [14th Dist.] Dec. 15,
2011, pet. ref’d). Farris was required to preserve his constitutional
challenges to the length of his sentence by raising them before the trial
court. Having failed to do so, he may not raise them on appeal.




 

CONCLUSION

          Farris failed to preserve anappealable
error as to the constitutionality of his sentence, which was the minimum
sentence within the statutory range. Accordingly, we affirm the trial court’s
judgment. 

 

                                                                   Harvey
Brown

                                                                   Justice


 

Panel
consists of Chief Justice Radack and Justices Higley and Brown.

Do not publish. Tex. R. App. P. 47.2(b).

 











[1]See Tex. Penal Code Ann. § 29.03 (West 2011).