

NUMBERS 13-13-00151-CR AND 13-13-152-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ARTHUR CANN,                                            **Appellant,**

**v.**

THE STATE OF TEXAS,                                    **Appellee.**

### On appeal from the 148th District Court of
### Nueces County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza and Benavides
### Memorandum Opinion by Justice Garza

In an open plea, appellant Arthur Cann pleaded guilty to (1) burglary of a habitation,

a second-degree felony offense, *see* TEX. PENAL CODE ANN. § 30.02(a)(3), (c)(2) (West,

Westlaw through 2013 3d C.S.), in appellate cause number 13-13-151-CR, and (2) arson,

a first-degree felony offense, *see id.* § 28.02(a)(2)(A), (d)(2) (West, Westlaw through 2013 3d C.S.), in appellate cause number 13-13-152-CR. The trial court sentenced him to twenty years' imprisonment for each offense, with the sentences ordered to be served concurrently. By a single issue, appellant contends that his sentence in each case was unconstitutionally disproportionate to the seriousness of his crimes. *See* U.S. CONST. amends. VIII, XIV. We affirm.

The Eighth Amendment of the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." *Id.* amend. VIII. The Eighth Amendment is applicable to punishments imposed by state courts through the due process clause of the Fourteenth amendment. *Id.* amend. XIV. This right can be waived if a defendant fails to object to a sentence on this basis. *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986).

The State responds that appellant failed to preserve any issue for review because he did not object to his sentence in the trial court. We agree.

Appellant made no objection to his sentence either at the time of sentencing or in any post-trial motion. To preserve error for our review, appellant was required to show that he made a timely objection to the trial court, stated the specific grounds for the objection, and obtained a ruling. TEX. R. APP. P. 33.1(a); *see Jacoby v. State*, 227 S.W.3d 128, 130 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd). By failing to specifically object during trial or in a post-trial motion, appellant has waived any error for our review. *See* TEX. R. APP. P. 33.1(a); *see Jacoby*, 227 S.W.3d at 130; *Trevino v. State*, 174 S.W.3d 925, 927–28 (Tex. App.—Corpus Christi 2005, pet. ref'd) ("Because the sentence imposed is within the punishment range and is not illegal, we conclude that the rights [appellant] asserts for the first time on appeal are not so fundamental as to have relieved

2

him of the necessity of a timely, specific trial objection."); *see also Johnson v. State*, No. 13-13-00180-CR, 2014 WL 3399818, at *3 (Tex. App.—Corpus Christi July 10, 2014, no. pet. h.) (mem. op., not designated for publication) (rejecting disproportionate punishment claim because issue not preserved for review).

Having overruled appellant's sole issue, we affirm the trial court's judgment in each case.

DORI CONTRERAS GARZA,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
25th day of August, 2014.