**Opinion issued October 8, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00133-CR

———————————

**DEZMOND MARTIN GARCIA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 337th District Court**
**Harris County, Texas**
**Trial Court Case No. 1288553**

---

## MEMORANDUM OPINION

Dezmond Garcia appeals the trial court's judgment revoking his community supervision. In two issues, he argues that the evidence was insufficient to support the trial court's revocation of community supervision and that the trial court erred

by assessing a sentence that was excessive and disproportionate to the crime committed. We affirm.

## Background

In May 2011, Garcia pleaded guilty to aggravated assault with a deadly weapon. The trial court deferred adjudication of guilt and placed Garcia on community supervision for four years and assessed a $500 fine. In March 2013, the State filed a motion, which was later amended, to adjudicate guilt based on nine alleged violations of the terms of Garcia's community supervision.

Garcia pleaded true to three of the State's allegations and not true to six of them. Garcia pleaded true, and the trial court found true, that he failed to report to his community supervision officer on multiple occasions, failed to pay a required fine and court costs, and failed to pay laboratory processing fees. In addition to these three violations, the trial court also found true that Garcia failed to accurately identify himself when asked for identification from a peace officer and failed to participate as required in the community service restitution program. The trial court found the remaining allegations to be not true.

Based on Garcia's three "true" pleas and the court's finding of two additional violations, the trial court adjudicated Garcia's guilt for the offense of aggravated assault with a deadly weapon. The court assessed Garcia's punishment at eight years' confinement and a $500 fine. Garcia appeals.

**Sufficiency of the Evidence**

In his first issue, Garcia contends that the trial court abused its discretion by revoking his community supervision based on insufficient evidence. Specifically, Garcia "contends that the State failed to prove by a preponderance of the evidence the five allegations which the trial court found to be true."

## A.    Standard of review

We review an order revoking community supervision for abuse of discretion. *Akbar v. State*, 190 S.W.3d 119, 122 (Tex. App.—Houston [1st Dist.] 2005, no pet.); *see Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). The State must prove by a preponderance of the evidence that the person on community supervision violated a term of his supervision. *Rickels v. State*, 202 S.W.3d 759, 763–64 (Tex. Crim. App. 2006). The State meets its burden when the "greater weight of the credible evidence creates a reasonable belief that the defendant violated a condition of his community supervision." *Akbar*, 190 S.W.3d at 123. "When a trial court finds several violations of community-supervision conditions, we will affirm the order revoking community supervision if the proof of any single allegation is sufficient." *Shah v. State*, 403 S.W.3d 29, 33 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd).

**B. Trial court did not abuse its discretion**

Garcia challenges all of the allegations found true by the court by challenging the testimony of two of the State's witnesses. Garcia argues one State witness's testimony did not provide "sufficient proof that Appellant violated his probation by providing a fictitious name to police." Garcia argues another State witness "had no personal knowledge of the case file" and "lacked credibility because of her resignation for mismanagement of probationer's case files."

Neither witness's testimony, however, is required to support the trial court's judgment. At the revocation hearing, Garcia pleaded true to three allegations that he violated the terms of his community supervision. A "plea of true, standing alone is sufficient to support the revocation of probation." *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979); *accord Moore v. State*, 11 S.W.3d 495, 498 n.1. (Tex. App.—Houston [14th Dist.] 2000, no. pet.); *see also Smith v. State*, 290 S.W.3d 368, 375 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd). "[O]nce a plea of true has been entered, a defendant may not challenge the sufficiency of the evidence to support the subsequent revocation." *Moore*, 11 S.W.3d at 498 n.1. Because Garcia pleaded true to three of the State's allegations, we overrule his challenge to the sufficiency of the evidence and hold that Garcia did not establish the trial court abused its discretion. We overrule Garcia's first issue.

4

**Constitutional Challenge**

In his second issue, Garcia contends that the trial court erred by assessing "an excessive and disproportionate sentence for the community supervision conditions which [he] violated," in violation of the Eighth Amendment of the U.S. Constitution and article I, section 13 of the Texas Constitution. *See* U.S. CONST. amend. VIII; TEX. CONST. art. I, § 13.

First, we note that the sentence of eight years' confinement corresponds to the aggravated assault with a deadly weapon charge, not the violations of Garcia's terms of community supervision. *See Arriaga v. State*, 335 S.W.3d 331, 335 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd) (analyzing the proportionality of the sentence in light of the crime committed, not the terms of community supervision); *Sullivan v. State*, 975 S.W.2d 755, 756 (Tex. App.—Corpus Christi 1998, no pet.) (same).

Second, to preserve his complaint of cruel and unusual punishment, Garcia had to present to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling he desired. *See* TEX. R. APP. P. 33.1(a)(1)(A); *Jacoby v. State*, 227 S.W.3d 128, 130 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd.). "The constitutional right to be free from cruel and unusual punishment may be waived." *Nicholas v. State*, 56 S.W.3d 760, 768 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). Garcia did not object to the trial court's punishment during

the hearing. Because Garcia did not object to the sentence, we hold that Garcia has not preserved his complaint that the sentence against him is excessive and disproportionate to the crime committed. *See Jacoby*, 227 S.W.3d at 130 (finding that because appellant did not raise objection regarding alleged disproportionate sentence in trial court or through post-trial motion, argument was not preserved for review); *cf. id.* at 131 (holding that a punishment within the limits prescribed by statute is not cruel and unusual).

## Conclusion

We affirm the judgment of the trial court.

Harvey Brown
Justice

Panel consists of Justices Jennings, Higley, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).