

# NUMBERS 13-24-00592-CR, 13-24-00593-CR, 13-24-00594-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

WILLIE HERNANDEZ,                                     **Appellant,**

**v.**

THE STATE OF TEXAS,                                       **Appellee.**

## ON APPEAL FROM THE 89TH DISTRICT COURT
## OF WICHITA COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and Cron**
**Memorandum Opinion by Justice Silva**

A jury found appellant Willie Hernandez guilty of two counts of aggravated sexual assault of a child (Counts One and Two), a first-degree felony, *see* TEX. PENAL CODE ANN. § 22.021, and indecency with a child by sexual contact (Count Three), a second-degree

felony, *see id.* § 21.11(d).[1] The jury sentenced Hernandez to life imprisonment for Counts One and Two, and twenty years' imprisonment for Count Three with a $10,000 fine. The trial court ordered that the sentences for Counts Two and Three were to run consecutively. By two issues, Hernandez argues that (1) the trial court abused its discretion and rendered cruel and unusual punishment for ordering his sentences to run consecutively, and (2) his trial counsel rendered ineffective assistance by failing to object to the trial court's cumulation of his sentences. We affirm.

## I.    BACKGROUND[2]

We limit our discussion of the background to those matters necessary to this appeal's resolution.

On August 4, 2022, Hernandez was indicted on two counts of aggravated sexual assault of a child and one count of indecency with a child by sexual contact. *Id.* §§ 21.11, 22.021. Specifically, Count One alleged that on or about March 6, 2018, Hernandez committed aggravated sexual assault of a child younger than fourteen years of age by intentionally or knowingly causing the sexual organ of Jackie[3] to contact the sexual organ of Hernandez. Count Two alleged that on or about March 6, 2018, Hernandez committed

---

[1] Appellate cause number 13-24-00592-CR corresponds to trial court cause number DC89-CR2022-0703-1; appellate cause number 13-24-00593-CR corresponds to trial court cause number DC89-CR2022-0703-2; and appellate cause number 13-24-00594-CR corresponds to trial court cause number DC89-CR2022-0703-3.

[2] This case is before the Court on transfer from the Second Court of Appeals in Fort Worth pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001. We are bound by the precedent of the transferring court to the extent that it differs from our own. *See* TEX. R. APP. P. 41.3.

[3] To protect the identity of the complainant, who was a minor at the time the crimes occurred, we refer to her by a pseudonym. *See* TEX. R. APP. P. 9.8 cmt.

aggravated sexual assault of a child younger than fourteen years of age by intentionally or knowingly causing the sexual organ of Jackie to contact the mouth of Hernandez. Count Three alleged that on or about March 6, 2018, Hernandez committed indecency with a child by causing Jackie to touch the genitals of Hernandez.

Jury trial commenced for all three counts on September 24, 2024. The State presented several witnesses, including Jackie, who was fifteen years old at the time of trial. Jackie testified that she lived with her grandmother and her grandmother's boyfriend, Hernandez, when she was four or five years old. Jackie stated she could not remember the first time Hernandez had sexually abused her, but recalled a time when Hernandez took her from her bed and put her on a couch in the living room. Hernandez took off Jackie's clothes and then rubbed his penis on her vagina. Jackie stated that Hernandez had done this more than ten times. Jackie also described how Hernandez would grab her hand with his and force her hand to rub his penis "up and down" and "around it" until he ejaculated. Jackie stated that Hernandez also did this more than ten times.

Jackie testified that Hernandez licked her vagina, and that he did this more than ten times. Regarding these incidents, the following exchange occurred:

[The State]:          How did it feel when he would lick you down there?

[Jackie]:             It felt weird, uncomfortable.

[The State]:          Did you ever ask him to stop?

[Jackie]:             I—yes. I think one time. I don't remember.

[The State]:          Do you ever remember any reactions that he had when he would lick you down there?

3

| [Jackie]: | He would like laugh. |

Jackie testified that she was approximately six years old when these incidents of sexual abuse began. Jackie further testified that the acts of sexual abuse stopped when Hernandez moved out of her grandmother's home when she was eight or nine years old. Jackie did not tell anyone of the sexual abuse until 2021, when she told her mother.

The jury found Hernandez guilty and sentenced him to life imprisonment for Counts One and Two, and twenty years' imprisonment for Count Three with a $10,000 fine. After the jury announced their verdict on punishment, the trial court expressed the following:

| THE COURT: | All right. The Court will accept the verdict of the Jury. And Mr. Hernandez, the evidence showed that on one occasion when you sexually assaulted this little girl, as found by the Jury, she said, Stop, you just laughed. Well, no one's laughing now. Because of your actions, I rule that these sentences shall run consecutively. That is, they are stacked. Anything further? |
| [The State]: | The State has nothing else, Your Honor. |
| [Defense Counsel]: | Nothing from the Defense, Your Honor. |

The jury was then excused. The trial court then orally pronounced Hernandez's sentence for each count. In particular, the trial court pronounced that the sentence for Count Two would commence upon completion of the sentence for Count One, and that the sentence in Count Three would commence upon completion of the sentence for Count Two. No objections were raised by either party.

Hernandez filed a motion for new trial in each cause, none of which referenced the stacked sentences. This appeal followed.

4

## II.  STACKED SENTENCES

In his first issue, Hernandez argues that the trial court abused its discretion when it stacked his sentences. Hernandez also argues that the stacked sentences constitute cruel and unusual punishment in violation of the United States Constitution and Texas Constitution.

## A.  Standard of Review and Applicable Law

We review a trial court's decision to "stack" or to run sentences consecutively for an abuse of discretion. *See* TEX. CODE CRIM. PROC. ANN. art. 42.08(a); *Beedy v. State*, 194 S.W.3d 595, 597 (Tex. App.—Houston [1st Dist.] 2006), *aff'd*, 250 S.W.3d 107, 115 (Tex. Crim. App. 2008); *see also Griffin v. State*, No. 02-19-00020-CR, 2021 WL 126650, at *6 (Tex. App.—Fort Worth Jan. 14, 2021, pet. denied) (mem. op., not designated for publication). Under Article 42.08 of the Texas Code of Criminal Procedure, the trial court has the discretion to order the sentences for two or more convictions to run consecutively. TEX. CODE CRIM. PROC. ANN. art. 42.08(a); *see also* TEX. PENAL CODE ANN. § 3.03(b)(2)(A). An abuse of discretion will generally be found only if: (1) the trial court imposes consecutive sentences when the law requires concurrent sentences; (2) the trial court imposes concurrent sentences when the law requires consecutive ones; or (3) the trial court otherwise fails to observe the statutory requirements pertaining to sentencing. *Nicholas v. State*, 56 S.W.3d 760, 765 (Tex. App.—Houston [14th Dist.] 2001, no pet.).

Section 3.03(b) specifically allows consecutive sentencing when an accused is found guilty of more than one statutorily specified sexual offense—including penal code § 21.11 (indecency with a child) and § 22.021 (aggravated sexual assault of a child)—

5

arising out of the same criminal episode. *See* Tex. Code Crim. Proc. Ann. art. § 3.03(b)(2)(A); Tex. Penal Code Ann. §§ 21.11, 22.021. "[C]riminal episode" is defined as

> the commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person or item of property, under the following circumstances:
>
> > (1) the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan; or
> >
> > (2) the offenses are the repeated commission of the same or similar offenses.

Tex. Penal Code Ann. § 3.01. "Section 3.01 does not require that all the offenses arising out of the same criminal episode occur within any particular time frame." *Casey v. State*, 349 S.W.3d 825, 831 (Tex. App.—El Paso 2011, pet. ref'd); *see* Tex. Penal Code Ann. § 3.01.

## B.      Analysis

Hernandez does not contend that the cumulation order was not authorized by the Texas Penal Code or Texas Code of Criminal Procedure. Rather, Hernandez argues that the trial court abused its discretion by stacking the offenses "based upon the testimony of [Jackie] that [Hernandez] allegedly laughed when she told him to stop." Hernandez further argues that this "erroneous finding of fact" is not supported by evidence in the record, and that the trial court "abused [its] discretion by stacking the [sentences] when no reasonable view of the records supports the stacking." Hernandez also argues that the stacked sentences constituted cruel and unusual punishment on the same basis.

However, to preserve a complaint of improper sentencing, a criminal defendant

must make a timely, specific objection to the trial court or raise the issue in a motion for new trial. TEX. R. APP. P. 33.1; *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd) (citing *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (en banc)); *Noland v. State*, 264 S.W.3d 144, 151–52 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd). In addition, claims that a sentence constitutes cruel and unusual punishment under the United States Constitution and Texas Constitution are subject to the preservation rules and if not preserved are forfeited. *See Diez v. State*, 693 S.W.3d 899, 929 (Tex. App.—Austin 2024, pet. ref'd) (holding that the appellant failed to preserve his complaint that his consecutive sentences violated the Eighth Amendment's ban on cruel and unusual punishment because appellant's objection to the sentence "stated no basis"); *Williams v. State*, 191 S.W.3d 242, 262 (Tex. App.—Austin 2006, no pet.) (holding that the defendant's complaint that his sentences constituted cruel and unusual punishment in violation of Texas law and the Eighth Amendment to the United States Constitution was waived when appellant "did not object to the sentences on the basis of cruel and unusual punishment at trial, or at time of sentencing, or complain of the same in his motion for new trial"); *Quintana v. State*, 777 S.W.2d 474, 479 (Tex. App.—Corpus Christi–Edinburg 1989, pet. ref'd) (holding that the defendant waived his cruel and unusual punishment argument by failing to object).

Here, Hernandez did not object when the trial court imposed his sentences and did not complain of the sentences in any post-trial motion. Therefore, Hernandez has failed to preserve his complaints for appeal. *See Diez*, 693 S.W.3d at 929; *Williams*, 191 S.W.3d at 262; *Quintana*, 777 S.W.2d at 479; *see also Busbee v. State*, No. 13-16-00555-

7

CR, 2017 WL 541133, at *6 (Tex. App.—Corpus Christi–Edinburg Feb. 9, 2017, no pet.) (mem. op., not designated for publication). Hernandez's first issue is overruled.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

In his second issue, Hernandez argues that his counsel was ineffective for failing to object to the stacked sentences.

### A. Standard of Review and Applicable Law

To establish ineffective assistance of counsel, an appellant must show by a preponderance of the evidence that his counsel's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005). Evaluations of effectiveness are based on "the totality of the representation." *Frangias v. State*, 450 S.W.3d 125, 136 (Tex. Crim. App. 2013).

In general, direct appeals do not provide a useful vehicle for presenting ineffectiveness claims because the record for that type of claim "is generally undeveloped." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); *Mallett v. State*, 65 S.W.3d 59, 62–63 (Tex. Crim. App. 2001) (stating that "[i]n the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel's actions"). In addition, before their representation is deemed ineffective, trial attorneys should be afforded the opportunity to explain their actions. *Goodspeed*, 187 S.W.3d at 392 (stating that "counsel's conduct is reviewed with great deference, without the distorting effects of hindsight"). If that opportunity has not been

8

provided, an appellate court should not determine that an attorney's performance was ineffective unless the conduct at issue "was so outrageous that no competent attorney would have engaged in it." *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).

Regarding the second prong, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome" of a proceeding. *Nava v. State*, 415 S.W.3d 289, 308 (Tex. Crim. App. 2013). "It will not suffice for Appellant to show 'that the errors had some conceivable effect on the outcome of the proceeding.'" *Perez v. State*, 310 S.W.3d 890, 894 (Tex. Crim. App. 2010) (quoting *Strickland*, 466 U.S. at 693). "Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Tanner v. State*, 707 S.W.3d 371, 377 (Tex. Crim. App. 2024) (quoting *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

## B.    Analysis

Hernandez does not contend that his trial counsel was ineffective for failing to object to the stacked sentences because they were not statutorily authorized by the Texas Penal Code or Texas Code of Criminal Procedure. Instead, Hernandez argues that his trial counsel was deficient when he

> failed to object to the trial court judge[']s abuse of discretion and as to cruel and unusual punishment when the trial court judge stacked the three convictions based upon the trial court judge's erroneous recollection of the record where the trial court judge incorrectly and erroneously believed that in the record contained testimony that [he] laughed when [Jackie] told him to stop.

Thus, Hernandez's ineffective assistance claim is predicated on the same argument raised in his first issue: that the stacked sentences constituted an abuse of discretion and

9

cruel and unusual punishment because of the trial court's reliance on erroneous recollection of witness testimony.

"Before this court may conclude that trial counsel was ineffective for failing to object to appellant's sentences, appellant must show that if he had objected, the trial court would have erred in overruling the objection." *Jacoby v. State*, 227 S.W.3d 128, 131 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd). "[A] trial judge's decision to cumulate under Texas Code of Criminal Procedure, Article 42.08(a), is 'a normative, discretionary function that does not turn on discrete findings of fact.'"[4] *Beedy*, 250 S.W.3d at 110 (quoting *Barrow v. State*, 207 S.W.3d 377, 380 (Tex. Crim. App. 2006)). "[W]hen a trial judge lawfully exercises the option to cumulate, that decision is unassailable on appeal." *Id.* Given that the decision to stack sentences does not turn on discrete findings of fact, we conclude that the trial court would not have erred in overruling any objection to the evidentiary basis of its decision to stack Hernandez's sentences. *See Jacoby*, 227 S.W.3d at 131. Therefore, we cannot conclude that Hernandez's counsel was ineffective for failing to object to the stacked sentences on this basis. *See id.*; *see also Jagaroo v. State*, 180 S.W.3d 793, 800 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd) ("It is not ineffective assistance for counsel to forego making frivolous arguments and objections.").

In any event, Hernandez's premise—that the trial court's decision was based on an "erroneous recollection of the record"—is not supported by the appellate record. As demonstrated above, Jackie testified that Hernandez would "laugh" while sexually

---

[4] We note that in his first issue, Hernandez acknowledges that "[s]tacking of offenses is generally purely discretionary on the trial court judge and is not based upon any fact finding by the trial judge."

assaulting her. In assessing punishment, the trial court may consider "any matter the court deems relevant to sentencing," including "the circumstances of the offense." TEX. CODE CRIM. PROC. ANN. art. 37.03(3)(a)(1). Hernandez's apparent lack of remorse at the time of the offense was one of those circumstances. *Cf. Snowden v. State*, 353 S.W.3d 815, 824 (Tex. Crim. App. 2011) (holding that State made a "legitimate argument [during punishment phase] that invited the jury to draw an inference of lack of remorse at the time of the offense, an inference that could reasonably be derived from the evidence at trial"). Hernandez's second issue is overruled.

## IV. CONCLUSION

We affirm the trial court's judgment.

CLARISSA SILVA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
24th day of July 2025.

11